SWAN, The THOMAS. See Case No. 13,931.

## Case No. 13,671.

### SWANN v. ALEXANDRIA CANAL CO.

[1 Hayw. & H. 163.] [1]

Circuit Court, District of Columbia. Jan. 17, 1844. [2]

ARBITRATION AND AWARD—APPOINTMENT OF UMPIRE—WHEN HE MAY BE APPOINTED.

Where the order of reference provides for the appointment of an umpire, he may be appointed before the referees had heard the evidence and discovered that they could not agree.

W. Jones and Swann & Swann, for plaintiff.

Thomas Semmes and Richard S. Coxe, for defendant.

At law. The plaintiff [Francis Swann] brought suit in Alexandria county against the defendant [the Alexandria Canal Company] in the sum of $15,000, for damages sustained by her in taking away the soil from the close of said plaintiff. The pleas of the defendants were: (1) Not guilty. (2) The statute of limitations; viz., not guilty within five years. (3) Confession and avoidance; special plea under the charter. A change of venue under the act of congress of June 24, 1812 [2 Stat. 755], was asked for and obtained by the plaintiff, and the suit was ordered to be tried at Washington county. The plaintiff, by her counsel, joined issue on the first and second pleas and demurred to the third. Judgment was entered for the plaintiff on the demurrer. An amended declaration was filed, differing from the original, in setting out the abuttals, to which defendants pleaded not guilty, upon which issue was joined. A jury was duly sworn to try the issue, and with the consent of the counsel for the several parties a juror was withdrawn. The whole matter in controversy was by consent referred to arbitration and award.

Upon the following terms being agreed to a rule of the court was made in pursuance thereof: "To value the entire damage to the

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

[2] [Affirmed in 5 How. (46 U. S.) 83.]

freehold from the first entry of the canal company on the premises in question to the time of the arbitration. The damage from the disturbances, if any, to the proprietors of the said premises, and interruption to the cultivation of the land from the operations of the company or their laborers and agents on the premises during all the time aforesaid. To value the land acquired by the company for permanent occupation, of which a precise description and survey by metes and bounds shall be furnished to the arbitrators. The award of the arbitrators, or major part of them, to be returned during the next session of this court, and made the judgment of the court for the whole sum awarded, for such damage and value of the land as aforesaid as if a verdict for so much had been found in this action. Upon payment of such judgment, the plaintiff agrees to give defendants a deed of conveyance for the land so set apart for the permanent occupation of the defendants. To be referred to four arbitrators, with power to the arbitrators to appoint an umpire in case the arbitrators or a majority of them cannot agree on any point or points in controversy, and the umpirage of such umpire to be confined to such point or points of difference, and his umpirage to constitute a part of the said award. The said arbitrators shall be appointed on or before the 10th of January next, and shall be appointed as follows: Each of the parties shall produce to the other a list of ten persons, none of whom shall be stockholders, or officers, or servants, or agents of the said company, nor proprietors of lands having any unsettled controversy with the said company for damages to their freehold or value of land taken by the company; out of the list so produced by defendants, the plaintiff shall choose two of the arbitrators; and out of the list so produced by plaintiff, the defendants shall choose the other two; and the four so chosen shall constitute the four arbitrators aforesaid. A reference and arbitration upon the principles and conditions aforesaid shall be entered in due form as a rule of court on or before the said 10th of January, 1843. [Signed] Wm. Jones, for the Plaintiff. Thomes Semmes, for the Defendants. December 27, 1842."

The plaintiff selected Dennis Johnston and Wm. L. Powell from the list furnished by the defendants. The defendants selected Thomas Carberry and Peter Force from the list furnished by the plaintiff. Before entering upon an examination of the case, Maynadier Mason was chosen umpire at a meeting of the arbitrators, June 26, 1843. The arbitrators were equally divided in opinion, two of them agreeing in one award and the other two agreeing in a different award.

The following is the award agreed upon by two of the arbitrators: "First. Of the sum of money to be assessed and awarded to the plaintiff for the entire damage to the freehold in question from the first entry of the said canal company on the premises in question to the time of said arbitration. Second. Of the sum of money to be assessed to the plaintiff for the damages from the disturbances to the proprietors of the said premises, and interruptions to the cultivation of the same from the operations of the said company or their laborers and agents on the said premises during all the time aforesaid. Third. Of the sum of money to be assessed and awarded to the plaintiff for the value of the land required by the said company for their permanent occupation, of which a precise description or survey was furnished to and laid before the said arbitrators by the defendant, pursuant to the requirements of the said reference and submission. [Signed] Thomas Carberry. Peter Force. August 12, 1843."

The other two refused to attend the last meeting, although notified, and refused to sign an account of the proceeding of the arbitrators that such account could be returned to the court. The umpire appointed by the several arbitrators made the following umpirage and award agreed to by the arbitrators Carberry and Force. On the first point of difference, $3,468.75, and interest at 6 per cent. for ten years on $1,500. On the second point of difference, $1,000 and interest at 6 per cent. for ten years. On the third point of difference, $1,000. A rule was filed on the defendants to show cause why judgment should not be entered on said umpirage and award. Judgment being entered on the said umpirage and award for $6,968.75, a motion was made to strike out said judgment, but was withdrawn.

A writ of error was sent to the supreme court of the United States on the transcript of the record, where the judgment was affirmed. 5 How. [46 U. S.] 83.